UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LEE MOONEY,

    Plaintiff,                                  Case No. 1:11-cv-187

v                                              HON. JANET T. NEFF

PATRICIA CARUSO et al.,

    Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving an alleged violation of Plaintiff's Eighth Amendment rights. Defendant Sutherland, the remaining defendant in this case, filed a Motion for Summary Judgment, arguing that Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) or, in the alternative, that Defendant was entitled to summary judgment on the merits. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendant Sutherland's motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Also before the Court is Plaintiff's Motion to Amend Objection (Dkt 28), Plaintiff's Motion to Reconsider (Dkt 25), and Plaintiff's second Motion for Appointment of Counsel (Dkt 32). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court grants Plaintiff's motion to amend, but ultimately denies his

objections, as amended; denies Plaintiff's motions for reconsideration and for appointment of counsel; and issues this Opinion and Order.

### I. Plaintiff's Objections

A.   *Exhaustion*

Plaintiff first reiterates his argument that his efforts to secure a declaratory ruling satisfy the requirement of 42 U.S.C. § 1997e(a) to exhaust all available administrative remedies before initiating § 1983 litigation (Pl. Obj., Dkt 21 at 2). In his amended objection, Plaintiff also argues that the MDOC's ruling on the merits of his untimely-filed formal grievance waives Defendant Sutherland's exhaustion defense under § 1997e(a) (Pl. Mem., Dkt 29 at 2).

A prisoner must follow institutional grievance policies in order to properly exhaust a claim related to prison conditions. *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (citing *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006)). Plaintiff cites *Reed-Bay v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010), for the proposition that an institution's evaluation on the merits of an otherwise procedurally defaulted claim cures any defect in the prisoner's adherence to the institution's procedural rules. In *Reed-Bay*, the plaintiff's initial grievance did not conform to MDOC guidelines, but the MDOC nonetheless evaluated the non-conforming grievance on the merits through Step III of the grievance process. *Id.* at 323-24. The Sixth Circuit held that in declining to enforce its own procedural requirements and opting to consider the otherwise-defaulted claim on the merits, the MDOC waived the defense of procedural default. *Id.* at 325.

Plaintiff's application of *Reed-Bay* to the facts of his case lacks merit. Unlike in *Reed-Bay*, where the MDOC evaluated the plaintiff's grievance through Step III of the grievance process, the exhibit attached to Plaintiff's memorandum putatively demonstrates that Plaintiff has completed

only Step I of the MDOC's grievance procedure in this case (Ex. A, Dkt 29-1 at 2-3). Plaintiff submitted no other evidence demonstrating that he pursued the grievance through all three steps of the grievance process. Indeed, Plaintiff asks this Court to "hold this suit in a Preliminary Injunction while Plaintiff completes the formal Grievance Procedure" (Pl. Obj., Dkt 21 at 3).[1] Plaintiff's objection, therefore, is denied.

B.  *Summary Judgment*

Plaintiff next objects to the Magistrate Judge's determination that he has failed to present sufficient evidence to create a genuine issue of material fact (Pl. Obj., Dkt 21 at 4). Plaintiff also argues in his objection that he was unaware of the need for him to respond to Defendant Sutherland's motion for summary judgment with proofs that would create a material fact issue (*id.*).

Summary judgment is appropriate when the non-moving party has failed to show sufficient evidence in support of an essential element of that party's claim or defense where the party will bear the burden of proof at trial. *Daniels v. Woodside*, 396 F.3d 730, 735 (6th Cir. 2005); *see* FED. R. CIV. P. 56. Here, contrary to his contention that he was unaware of the need to present proofs, Plaintiff in fact submitted a detailed document in opposition to Defendant Sutherland's Motion for Summary Judgment in this case, attempting to refute the factual claims contained in Defendant Sutherland's motion (Resp. in Opp'n to Mot. for Summ. J., Dkt 16). Additionally, Plaintiff attached an exhibit to his response—a prisoner pass, attempting to prove that a genuine fact issue existed (Ex. B, Dkt 16-2).

---

[1] To the extent this language in Plaintiff's objection may be construed as a request for a stay of proceedings, Plaintiff's request is moot, given this Court's decision to grant Defendant Sutherland summary judgment.

Plaintiff asserts that the pass shows that Defendant Sutherland met and spoke with him in Defendant Sutherland's office, an essential part of his claim (Resp. in Opp'n to Mot. for Summ. J., Dkt 16 at 4).  However, the Magistrate Judge correctly noted that the pass, by itself, shows only that Defendant Sutherland authorized Plaintiff's movement from one area of the prison to another (R & R, Dkt 20 at 11).  The evidence is not sufficient to create a genuine fact issue for trial.

Plaintiff asserts that he can still produce admissible evidence to create a material fact issue (Pl. Obj., Dkt 21 at 4).  Specifically, Plaintiff claims to have witnesses who will testify to his alleged meetings with Defendant Sutherland and to Defendant Sutherland's showing of Plaintiff's picture to another prisoner named McGowan, whom Plaintiff alleges was hired to murder him (*id.*).  Additionally, Plaintiff recently filed an affidavit executed by a fellow prisoner, which states that Plaintiff and McGowan met with Defendant Sutherland together (Aff., Dkt 30-1 at 2).

Plaintiff's proofs, even if properly submitted at this stage of the litigation, do not demonstrate a result contrary to that recommended by the Magistrate Judge.  Plaintiff's Eighth Amendment claim against Defendant Sutherland is that "defendants failed to protect this Plaintiff with blatant negligence and deliberate indifference" (Pl. Compl., Dkt 1 at 8).  For a claim like the one alleged here, based on a failure to prevent harm, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff alleges that Defendant Sutherland "showed [McGowan] [Plaintiff's] picture off the [MDOC's Offender Tracking Information System (OTIS)] site, and asked him if he had a problem with [Plaintiff]" (Pl. Compl., Dkt 1 at 7), allegations that Defendant Sutherland denied in the

4

affidavit attached to his motion (Dkt 14-4, Ex. C). Plaintiff does not allege how Defendant Sutherland disregarded any risk of serious harm to Plaintiff nor what reasonable measures Sutherland failed to take to abate the risk Plaintiff alleges he faced. Indeed, Plaintiff concedes that his enemies "kept tabs" on his location using OTIS, concedes that his photograph is available on OTIS, and represents that "they all knew I was at the Reformatory thanks to the OTIS sight [sic]" (Pl. Compl., Dkt 1 at 4, 7).

In sum, neither in his response to Defendant Sutherland's motion nor in any of his subsequent filings has Plaintiff put forward sufficient evidence to support his Eighth Amendment claim against Defendant Sutherland. The Magistrate Judge correctly recommended that Defendant Sutherland be granted summary judgment. Plaintiff's argument is without merit, and his objection is therefore denied.

## II. Plaintiff's Other Motions

Plaintiff has also since filed a Motion to Reconsider the Magistrate Judge's December 29, 2011 Order denying his motion to compel discovery (Dkt 25) and a second Motion for Appointment of Counsel (Dkt 32). The Magistrate Judge denied Plaintiff's motion to compel discovery because Plaintiff had not first served his discovery request on Defendant (Dkt 24). The Magistrate Judge denied Plaintiff's first motion for appointment counsel, finding the appointment of counsel unwarranted on the circumstances of this case (Dkt 7). Because this Court grants Defendant Sutherland's Motion for Summary Judgment, this Court denies both of Plaintiff's motions as moot.

## III. Conclusion

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court and denies Plaintiff's motions for reconsideration and

for appointment of counsel. Because this Opinion and Order resolves the last pending claim, this Court will also enter a Judgment consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Therefore,

**IT IS HEREBY ORDERED** that the Motion to Amend Objection (Dkt 28) is GRANTED.

**IT IS FURTHER ORDERED** that the Objections (Dkt 21), as amended (Dkt 29), are DENIED and the Report and Recommendation (Dkt 20) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 13) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to Reconsider (Dkt 25) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel (Dkt 32) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated: February  8 , 2012         /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge